IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLIFFORD T. NEWMAN,  :
    Plaintiff,  :
    v.  : Case No. 3:06-cv-214-KRG-KAP
JEFFREY A. BEARD, SECRETARY,  :
PENNSYLVANIA DEPARTMENT OF  :
CORRECTIONS, MICHAEL GREEN,  :
CHAIR OF THE PENNSYLVANIA  :
BOARD OF PROBATION AND PAROLE,  :
and DIANE L. DOMBACH, DIRECTOR,  :
SEXUAL OFFENDERS ASSESSMENT  :
BOARD,  :
    Defendants  :

### Order and Report and Recommendation

#### Order and Recommendation

Plaintiff's motion for default judgment, docket no. 22, is meritless and therefore denied. I recommend that defendants' motion to dismiss the amended complaint, docket no. 19, be granted.

#### Report

Plaintiff alleges he is serving a 20-40 year sentence for rape, a sentence which was imposed in 1988 by the Court of Common Pleas of Centre County. Plaintiff has been eligible for parole since 2007, and has been denied parole once. His complaint[1], as amended, raises two major constitutional law claims well known to the Court: that Pennsylvania Department of Corrections' mail opening procedures violate his rights under the First Amendment, Fourth Amendment, and Fourteenth Amendment, and that the

---

1. Plaintiff challenges the policies generally used by the Pennsylvania Department of Corrections and Pennsylvania Board of Probation and Parole. The specific denial of parole would appropriately be challenged in a petition for a writ of habeas corpus after exhaustion of remedies in the state courts.

Pennsylvania Board of Probation and Parole's adverse consideration of his failure to participate in sex offender programs which require plaintiff to admit guilt violate the First Amendment, Fifth Amendment, and Fourteenth Amendment. Both claims have been thoroughly discussed in cases before this court, and well settled precedent requires the dismissal of plaintiff's claims.

Parole claims

Plaintiff alleges that denying him parole because he will not admit that he is guilty, or participate in programs which require him to admit his guilt, violates the constitution. In addition to the various opinions cited by the defendants, I have previously addressed the substantive issues presented by these claims relating to the denial of parole in Hallman v. McVey, Case No. 3:06-cv-59-KRG-KAP (W.D.Pa.2006), appeal dismissed, No. 06-4931 (3d Cir. June 13, 2007), in Gibson v. Pennsylvania Board of Probation and Parole, Case No. 3:05-cv-179-KRG-KAP (W.D.Pa.2005), and in Adams v. Rosemeyer, Case No. 3:00-cv-163-DBS-KAP (W.D.Pa.2001), aff'd by unpublished opinion, No. 01-4210 (3d Cir. April 16, 2004), cert. denied, No. 04-5345 (S.Ct. October 4, 2004). Since no subsequent case contradicts the analysis in those cases, and the Court of Appeals for the Third Circuit has not issued a precedential opinion contradicting its nonprecedential but relevant and persuasive opinions in Adams v. Rosemeyer and Forsythe v. Walters, 38 Fed.Appx. 734 (3d Cir.), cert. denied, 537 U.S. 952

(2002), plaintiff's claim that denying him parole for failure to complete a program which conditions participation on an admission of guilt is not maintainable.

Plaintiff does raise three claims not presented in previous matters: 1) that the use of unsworn and hearsay evidence by the Pennsylvania Board of Probation and Parole and the lack of written record for the interview conducted by the Pennsylvania Board of Probation and Parole violate due process guarantee; 2) the relevant parole statute[2] does not permit the Pennsylvania Board of Probation and Parole to take into account the circumstances of his offense because that invades the province of the Pennsylvania judiciary; and (3) the Pennsylvania Board of Probation and Parole's statutory requirement under 42 Pa.C.S.§ 9718.1 that a person

---

2. The role of the Pennsylvania Board of Probation and Parole under its governing statute, 61 P.S.§ 331.21, is to grant parole "whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby." Although petitioner is eligible for parole at the expiration of his minimum term, contrary to plaintiff's claim that the parole statute in effect at the time of his sentence gave him a right to parole, an inmate in Pennsylvania has never during plaintiff's term in prison had a right under state law to be paroled or released until the expiration of his maximum sentence. Rogers v. Pennsylvania Board of Probation and Parole, 724 A.2d 319 (Pa.1999); Reider v. Pennsylvania Board of Probation and Parole, 100 Pa.Cmwlth. 967, 514 A.2d 967 (1986); Commonwealth v. Daniel, 243 A.2d 400, 403 (Pa. 1968). Similarly, plaintiff does not have a federal right to parole, see Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11-12 (1979); in fact there is no parole in the federal sentencing scheme.

convicted of sexual offenses complete a program which conditions participation on an admission of guilt violates due process.

In Morrissey v. Brewer, 408 U.S. 471, 489 (1972), the Supreme Court held that for parole **revocations** (that is when a person at liberty was about to be placed back into custody) the Due Process Clause requires only that a parolee be given (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole. The Court specifically emphasized that the parole revocation hearing could not be equated to a criminal prosecution "in any sense," id., and never held that the constitution required that the revocation proceedings themselves be of record. In plaintiff's case, while being considered for parole he has no liberty interest, and has none until it may be conferred on him by the Pennsylvania Board of Probation and Parole. He is therefore not constitutionally entitled to any procedures whatsoever, see Brandon v. District of Columbia Board of Parole, 823 F.2d 644, 648 (D.C.Cir.1987), and

4

that includes a written record of any parole interview that may be conducted. Because the Confrontation Clause does not apply to parole proceedings, the Pennsylvania Board of Probation and Parole is also not barred from using unsworn and hearsay evidence in making its decision.

Plaintiff's claim that the factors considered by the Pennsylvania Board of Probation and Parole invade the province of the judiciary is a state law claim. It is not the business of federal courts to police separation of powers issues for the Commonwealth of Pennsylvania. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984)("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.") This court might have jurisdiction to consider this claim under the supplemental jurisdiction provisions of 28 U.S.C.§ 1367(a), but there is no reason for the Court to retain jurisdiction over a state law claim when there are no substantial federal claims. 28 U.S.C.§ 1367(c)(3). The Court should decline to exercise supplemental jurisdiction.

Finally, plaintiff has no standing to advance the claim that 42 Pa.C.S.§ 9718.1 violates due process because that statute

5

does not apply to him. The statute, added by Section 2 of Act 2000-98, P.L. 721, provides that an inmate who has not completed a designated sex offenders program is not eligible for parole. 42 Pa.C.S.§ 9718.1(b). The statute applies to inmates convicted of committing enumerated sexual offenses against minors, see 42 Pa.C.S.§ 9718.1(a)(1)-(11), if the offenses took place after December 20, 2000, the effective date of the statute. By its terms the statute does not apply to plaintiff, as one could also conclude from the fact that plaintiff is obviously not ineligible for parole because the Pennsylvania Board of Probation and Parole has considered plaintiff for parole. The defendants note, in their brief in support of their motion to dismiss, docket no. 20 at 10-11, that Section 3 of Act 2000-98 further provides:

The addition of 42 Pa.C.S.§ 9718.1 shall not preclude consideration of the factors set forth in that section in granting or denying parole for offenses committed before the effective date of this act, except to the extent that consideration of such factors is precluded by the Constitution of the United States or the Constitution of the Commonwealth of Pennsylvania.

The defendants expressly admit that they will consider any failure by plaintiff to complete a sex offender program whenever he is evaluated for parole. docket no. 20 at 11. Plaintiff contends, in his brief in opposition to the motion to dismiss, docket no. 24 at 9, that this "only makes the Due Process violation even more severe," because the Pennsylvania Board of Probation and Parole is requiring something it has no right to require.

6

The plaintiff's legal claim founders because he cannot show that the Pennsylvania Board of Probation and Parole "requires" him to participate in a sex offender program. To plaintiff, the important fact is that he is not going to be paroled because he will not participate in the sex offender program, but there is a clear legal distinction between requiring the completion of a program as a condition of eligibility for parole and making the failure to complete a program a factor, even an important or dispositive factor, in evaluating plaintiff for parole. Most courts to consider the question would go even farther and permit the requirement of a sex offender program to persons committing offenses before the effective date of the statute, but it is not necessary to analyze the Ex Post Facto Clause issues that would raise in this case because, regardless of 42 Pa.C.S.§ 9718.1, the Pennsylvania Board of Probation and Parole is permitted to take into account plaintiff's lack of completion of a sex offender program in deciding whether he should be paroled.

Mail opening

In August 2006, the Court of Appeals for the Third Circuit held that a blanket practice of opening inmate legal mail outside the presence of the inmate "impinges upon" the First Amendment. Jones v. Brown, 461 F.3d 353, 359 (3d Cir.2006), cert. denied, 127 S.Ct. 1822 (2007). Jones v. Brown limited Oliver v. Fauver, 118 F.3d 175 (3d Cir.1997), which had previously held that

an inmate had no First Amendment claim in such circumstances unless the opening of the mail had an adverse impact on the inmate's access to court. Oliver v. Fauver in turn had overruled Bieregu v. Reno, 59 F.3d 1445 (3d Cir.1995), which had held that even an isolated act of opening inmate mail, without any injury to the inmate's access to court, could violate the First Amendment.

As the law currently stands, Jones v. Brown invalidates a specific policy adopted by New Jersey's prisons after anthrax bacilli were sent through the mail in the month following the attacks of 9/11. The blanket policy requiring the opening of all envelopes, even admittedly valid legal correspondence containing privileged communications from counsel, was still being applied more than three years later despite the absence of any indication of a threat of anthrax. The panel held that, on the facts, the New Jersey policy failed to pass muster under the Turner v. Safley, 482 U.S. 78, 89 (1987) test. The panel also held that defendants were qualifiedly immune from a claim for damages because the law to that point had not been clearly settled.

Incoming inmate correspondence is subject to DC-ADM 803, which provides that except in extraordinary cases, privileged mail[3]

---

3. DC-ADM 803 on its face treats mail from "a court" and from an attorney the same way and requires a control number from both. I am not aware of any claim in more than the last decade in which it was alleged that the Pennsylvania Department of Corrections required a control number from a federal court. There are no claims in the present action concerning the opening of court mail.

8

may not be opened except in the presence of an inmate. To be considered privileged mail, the person wishing to correspond with an inmate must apply for and obtain a control number from the Pennsylvania Department of Corrections's Office of General Counsel. The control number must appear on the envelope (although DC-ADM 803 does provide that even when the control number does not appear on the envelope mail from an attorney will ordinarily be treated under the "open in the presence of the inmate" provision). Plaintiff does not claim that valid privileged mail bearing a control number is being opened: his claim is that Pennsylvania Department of Corrections' requirement that a control number must be applied for and used is improper.

In August 2007, Pennsylvania's Commonwealth Court held that Pennsylvania Department of Corrections' policy for opening legal mail does comply with the First Amendment. <u>Brown v. Pennsylvania Department of Corrections</u>, 932 A.2d 316 (Pa.Cmwlth. 2007). The <u>Brown v. Pennsylvania Department of Corrections</u> court explained that mail purporting to be legal mail is not automatically privileged and the Pennsylvania Department of Corrections requires counsel to use a control number issued by the department to be considered privileged. Plaintiff's claim that regardless of the absence of a control number any mail purporting to be from an attorney should be considered privileged relies on the decision in <u>Fontroy v. Beard</u>, 485 F.Supp 592 (E.D.Pa.2007).

In Fontroy, Judge Savage found the Pennsylvania Department of Corrections' policy infringed on the First Amendment rights of inmates. Judge Savage acknowledges that other judges in his district have reached the opposite conclusion. Fontroy v. Beard, 2007 WL 1810690 *2 n.4 (E.D.Pa. June 21, 2007)(denying defendants' motion for stay pending appeal), citing Robinson v. Pennsylvania Dep't of Corrections, 2007 WL 210096 (E.D.Pa. January 23, 2007) and Harper v. Beard, Civil Action No. 05-1803 (E.D.Pa. April 23, 2007). Because Fontroy is currently on appeal, see Fontroy v. Beard, 2007 WL 1810690, the Court of Appeals will ultimately establish the law in this area. For purposes of this motion it is sufficient to repeat that I continue to Fontroy v. Beard unpersuasive, particularly Judge Savage's assessment that DC-ADM 803 offends Turner v. Safley because there is a lack of availability of reasonable alternatives to inmates since they have no ability to force counsel to use a control number. Because a requirement that correspondents seeking to have their mail designated as privileged apply for and use a control number is a minimal burden on counsel and inmates who wish to correspond and the prevention of the introduction of contraband into prison is a compelling interest, DC-ADM 803, even interpreted to require application for and use of a control number, easily satisfies the Turner v. Safley test. Plaintiff's First Amendment claim should also be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: April 30, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Clifford T. Newman AT-0783
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000